# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1852
_____

|                    |   |                          |
|--------------------|---|--------------------------|
| Dwight E. Cofer,   | * |                          |
|                    | * |                          |
| Appellant,         | * | Appeal from the United States |
|                    | * | District Court for the   |
| v.                 | * | Western District of Missouri |
|                    | * |                          |
| Dora Schriro,      | * | (PUBLISHED)              |
|                    | * |                          |
| Appellee.          | * |                          |

_____

Submitted:   April 26, 1999

Filed:   May 10, 1999
_____

Before MURPHY, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

In his 42 U.S.C. § 1983 complaint, Missouri inmate Dwight Cofer alleged numerous constitutional violations, including an intermittent requirement that he cut his hair. Cofer pleaded that such a requirement infringes the free exercise of his Rastafarian religion. The district court found the complaint frivolous, denied leave to proceed in forma pauperis, and dismissed the complaint. Upon consideration of the

record before the district court, we affirm, except for the dismissal of Cofer's free-exercise claim.

We do not disagree with the district court's conclusion that security concerns may permit prison officers to require Cofer to cut his hair, but we find no evidentiary basis in the record of this case, which is still at the initial screening stage, for applying the cases cited by the district court. Liberally read, Cofer's still-uncontested pleadings establish an intermittent, unexplained requirement that he cut his hair, a requirement he finds offensive because of his adherence to the Rastafarian religion. Such a claim is not frivolous. See Jones v. Schriro, No. 98-3929 (8th Cir. Apr. 9. 1999) (remanding dismissal of Rastafarian's claim as frivolous); Reed v. Faulkner, 842 F.2d 960, 963-64 (7th Cir. 1988) (remanding because evidence before district court did not support judgment rejecting Rastafarian's free speech and equal protection claims).

We agree, however, with the dismissal of Cofer's other claims. Thus, we remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.